UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


SILVIA WARNER                                    CIVIL ACTION

VERSUS                                           NO.  26-253

LSU HEALTH SCIENCES                              SECTION:  "D"(1)
CENTER - NEW ORLEANS, ET
AL

ORDER AND REASONS

This is an employment discrimination lawsuit, filed by plaintiff Silvia Warner on February 2, 2026. The Court has authorized Ms. Warner to proceed in forma pauperis, without prepayment of costs. Presently before the Court is Ms. Warner's Motion to Appoint Counsel (Rec. Doc. 3). The Court held a hearing regarding the request on March 10, 2026. The Court finds it is not in the interest of justice to appoint counsel at this time. Accordingly, the Motion to Appoint Counsel (Rec. Doc. 3) is DENIED.

Background

Ms. Warner's lawsuit arises out of her employment with LSU Health Sciences Center – New Orleans. The factual allegations in her original Complaint were sparse. She alleged that she performed her duties satisfactorily for 24 years, that she raised concerns regarding her employment rights, and that management attempted to characterize her as having performance deficiencies. She alleged that she "observed recurring pay disparities and unequal job opportunities" throughout her career. She alleged that she was "subjected to workplace harassment and a hostile work environment." But she did not identify the basis for the alleged harassment or describe the harassment with any detail. She alleged that she reported this harassment to campus police but that the defendants failed to take corrective action. She alleged that she engaged in protected activity

1

and that the defendants retaliated against her and eventually terminated her. She did not describe the alleged retaliation in any detail.

On February 2, 2026, Ms. Warner filed suit against LSU Health Sciences Center – New Orleans, the Board of Supervisors of Louisiana State University, and eight individual employees. She purports to assert claims for age, disability, race/color, and gender discrimination under federal and state law. She also alleges a claim for violation of the Equal Pay Act.

During the hearing on the Motion to Appoint Counsel, Ms. Warner explained that she was working in the position of Administrative Coordinator 4 when she was terminated. Her duties included maintaining education records for the medical programs at LSU, primarily the School of Nursing. She explained that she experienced the most intense harassment during 2024 and 2025, after she asked for ADA accommodations. The nature of her disability is PTSD, anxiety, and depression. Her employment was terminated on April 30, 2025. She confirmed that she is claiming race, sex, age, and disability discrimination.

Ms. Warner reported that she has made several attempts to obtain counsel, but her requests have been denied for various reasons including the attorneys' case load, the nature of the complaint, or the fact that Ms. Warner cannot afford to pay their fees.

Ms. Warner argued that she needs representation because of the complexity of the case. She anticipates that performance evaluations, medical records, and her communications with LSU via email, and internal LSU communications (especially among those persons interviewed and involved in the investigation that led to her termination) will be relevant to her claim.

Meanwhile, defendant Board of Supervisors of Louisiana State University appeared and filed a Motion to Dismiss on April 6, 2026. No other defendants have yet made an appearance and there is no evidence in the record indicating that they have been served.

Ms. Warner has filed a memorandum in opposition to the Board's Motion. She addresses each of the Board's arguments with citations to legal authority. The memorandum is coherent. Then, she filed an Amended Complaint as a matter of course as she was entitled to do pursuant to Federal Rule of Civil procedure 15(a)(1). The Amended Complaint is 23 pages long and contains additional factual allegations regarding her job duties, instances of denied promotions/professional-development opportunities, her alleged disability, her request for accommodation, alleged retaliation, alleged age-related remarks, her termination, and the Louisiana Workforce Commission proceedings.

<u>Law and Analysis</u>

### 1. *Legal Standard*

The *in forma pauperis* statute provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see <u>Branch</u>, 686 F.2d at 266 (discussing the court's discretion to appoint counsel under 28 U.S.C. §1915). In determining whether appointment of counsel would advance the proper administration of justice, the Court should consider factors including:

1. the type and complexity of the case;
2. the petitioner's ability adequately to present and investigate [her] case;
3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and
4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination."

<u>Parker v. Carpenter</u>, 978 F.2d 190, 193 (5th Cir. 1992) (quoting <u>Murphy v. Kellar</u>, 950 F.2d 290, 293 n.14 (5th Cir. 1992)); see <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 213 (5th Cir. 1982).

Additionally, "Title VII provides for the appointment of an attorney for a Title VII complainant upon request 'in such circumstances as the court may deem just.'" <u>Gonzalez v. Carlin</u>, 907 F.2d 573, 579 (5th Cir. 1990) (quoting 42 U.S.C. § 2000e-5(f)(1)). The statute does not create

an automatic right to counsel. Id.  In determining whether to exercise its discretion to appoint counsel, the court should consider "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." Id.  at 580. "No one factor is conclusive." Buesgens v. Snow, 169 F. App'x 869, 870 (5th Cir. 2006).

2. *Analysis*

The Court finds that the interests of justice do not warrant appointment of counsel at this time. The case is not particularly complex. And, importantly, Ms. Warner has demonstrated a clear ability to adequately prosecute this action–at least through the pretrial phase (which includes written motion practice and discovery). During the hearing, she was able to identify relevant evidence. She mentioned during the hearing that she has been receiving help from a friend. The memoranda she has submitted adequately advocate her position. Without any explicit instruction by the Court, she has attempted to address LSU's failure to state a claim argument by filing an Amended Complaint that provides far more detail regarding her alleged claims, and she did so within the deadlines provided by the Federal Rules of Civil Procedure. The Court finds Ms. Warner is able to investigate her case and handle pre-trial motion practice. At this stage, the issue of cross-examination skills is not implicated. And, the Court finds that the benefits to the parties and the Court do not, at this time and at this stage of the case, outweigh the challenges of finding and appointing counsel to represent Ms. Warner on a pro bono basis.

Turning to the Title VII factors, the Court first considers the merits of Ms. Warner's claims. The Court will not prejudge Ms. Warner's claims. However, at this stage and in light of the Amended Complaint, the Court finds that her claims are not frivolous. Further, Ms. Warner has made efforts to obtain counsel, and the attempts appear to be adequate. The Court notes, however,

that it is possible that her inability to retain counsel indicates that her case lacks merit. See

Poindexter v. F.B.I., 737 F.2d 1173, 1181 (D.C. Cir. 1984) (observing that some courts hold "that

the private bar plays an essential role in filtering out meritless cases, and courts would be wise not

to override this function by appointing counsel where none can otherwise be secured"). As to Ms.

Warner's financial ability to retain counsel, at the time the Complaint was filed, the Court found

Ms. Warner was entitled to proceed in forma pauperis. Based on the financial information provided

at that time, the Court finds Ms. Warner is not financially able to retain counsel. Nonetheless,

because the Court finds that Ms. Warner is more than capable of representing herself at this stage

of the proceedings, the Court finds that appointment of counsel is not appropriate at this time.

If this case proceeds to trial, the Court will consider a renewed request for appointed

counsel to assist in presentation of the case to the jury—including the cross examination of

witnesses.

For the foregoing reasons, the Court finds that the interests of justice do not warrant

appointment of counsel at this time. Accordingly, Ms. Warner's Motion to Appoint Counsel (Rec.

Doc. 3) is DENIED.

New Orleans, Louisiana, this 27th day of April, 2026.

Janis van Meerveld
United States Magistrate Judge